Good morning. May it please the court, my name is Ray Sheets. I'm from Cedar Rapids, Iowa. This case comes from the Northern District of Iowa. This case presents a couple of very And the first issue that it presents is that this defendant was charged with one crime, but his sentence was driven completely by a second crime, for which he was never indicted, tried, or convicted. Of course I'm referring to he was originally charged with two heroin related offenses, but the sentence that he received, the guideline sentence that he received, was based entirely on a second crime of crack cocaine distribution. And when this Honorable Court looks at that and looks at the recent case of the Supreme Court case of Alene, where the United States Supreme Court stated that one cannot be sentenced for a crime for which the defendant was not charged, tried, or convicted, that this case is a great example of where that type of sentence should no longer be allowed in the Eighth Circuit. So in this case, the defendant was charged with a heroin offense. He was convicted of the heroin offense. That guideline sentence for the heroin offense, that quantity of heroin, had absolutely no bearing on his ultimate sentence, because the ultimate sentence he received was based entirely on crack cocaine. And crack cocaine is treated so much more severely. How did that happen? Would you describe functionally how that occurred at the sentencing? The court relied on trial testimony of government witnesses in regards to crack cocaine. And so the court found by... What objection was raised? The defendant, prior to trial, raised a... where the government sought, pursuant to a motion eliminating, to introduce the crack cocaine evidence. And the district court granted that government's motion to introduce the crack cocaine evidence. So is this on the nature of relevant conduct? Is that what it was being offered as? Yes. Was there objection to the relevant conduct introduction? Yes. I assume it was overruled. Yes. Are you raising that here, as well as the issue? Yes. So what is your... are you saying there's a constitutional problem with the relevant conduct guideline? There's a constitutional problem where a defendant is never charged, tried, or convicted for the offense conduct for which he is being sentenced. Well, can you be more specific? Because I think it's... isn't it clear that the court is allowed to consider all the history and characteristics of the defendant in an imposing sentence? Well, it is, but there's... And the guidelines are advisory. There are certainly certain limits that are placed upon the court. Okay, that's what I mean. What's the specific limit that you have in mind? For example, the Supreme Court in Alene, and I cited the language in my brief, but the Supreme Court stated, quote, it is obvious, for example, that a defendant could not be convicted and sentenced for assault if the jury only finds the facts for larceny. And in this case, we have a defendant who is sentenced for crack cocaine where the jury only found facts relating to heroin. And it's critical importance in this case because the heroin finding by the jury results in a much lower sentence than... What would have been the sentencing range under the guidelines for only the heroin charge? 188 to 235. And his ultimate sentence was 240? Yes, the guideline range for the crack cocaine was 292 to 365. But he got 240. Pursuant to a variance motion based upon this constitutional argument, Chief Judge Reed said on the record that she struggled with this case because of the government's charging decision where they only charged a lesser punitive crime, the heroin, but sought a higher sentence on the more punitive crime, which is the crack cocaine. But he ended up with a sentence that was only five months higher than the range for the heroin. Only five months, yes. So would it be constitutional in your view if the sentence were 235? Well, assuming that he would have received the top of the range, which I don't know what the court would have done. I'm just trying to understand your position. You seem to be saying the Constitution requires that he get no more than the guideline range for the heroin offense. Yes, and I'm saying that it was improper for the district court to sentence him based upon the quantities of crack cocaine where it was never charged, tried, or convicted. And that's what we have in this case where the entire sentence was based upon uncharged conduct, and the convicted conduct had no bearing at all. Well, I don't see how you can say that if the convicted conduct you're admitting would have, even under just the advisory guidelines, warranted a sentence of up to 235. Correct. So you can't, I don't see how you can say the entire sentence was based on crack cocaine, which you could another way to look at it is five months was based on crack cocaine. Well, if you look at the pre-sentence report and the court's analysis, the guideline in this case was completely determined by the crack cocaine quantity. Crack cocaine is dealt with so much more severely or more punitively that when you looked at the crack cocaine quantity, it had no bearing what the quantity of heroin was. So you're saying the court didn't consider his heroin conviction at all in the sentence? It had to have because that was a count of conviction, but the sentence for the heroin had no bearing on the ultimate sentence. You just mean that in calculating the guidelines, but that's different from saying the heroin had no bearing on the sentence. The judge was presented with that, and presumably the judge knew that what you just acknowledged, that the range for heroin alone is up to 235. Well, I can only assume that she knew that, right? Because, yeah, I briefed it. But even before getting to that point, my argument is that a defendant cannot be sentenced. Pursuant to a lien, which is a very recent case, and notwithstanding the cases cited by the government that are 1990, 1991, 1991, but pursuant to a lien, a defendant constitutionally cannot be sentenced where the sentence is deprived exclusively on facts that were never determined by the jury. But you don't contend that the cocaine distribution was not relevant conduct? You acknowledge that it could have been considered by the court as relevant conduct? Pursuant to the precedent of the Eighth Circuit, it could be considered as relevant conduct. Pursuant to a lien, it was unconstitutional for that defendant to be sentenced. So you think a lien makes 3553 unconstitutional? No, what a lien does is... Because all those factors are not considered by the jury, are not determined by the jury. Well, a lien states, and I've read it, and a lien holds that where, and I'm sorry if I'm repeating myself, but I'm not saying that a lien finds that statute unconstitutional. But the Constitution does require that there be a finding by a jury, there be a conviction for the heroin, but not for the crack cocaine. And again, the defendant was sentenced. Within the statutory maximum for heroin? Yes, yes. And 3553 says you can consider all these factors in determining somewhere within the statutory maximum. That's what the Eighth Circuit says. So where's there an implication of a raised mandatory minimum? I'm sorry? Where's the implication of a heightened mandatory minimum, which is seemingly where a lien had great interest? I think we're arguing that our argument doesn't go to the mandatory minimum. I think the mandatory minimum in this case was five or ten years, so we're well above that. But our primary argument is the constitutional argument that was raised in the lien. I want to move on briefly to another issue that was raised, and that goes to the adequacy of counsel that the defendant received at the trial court. And our argument is here that he did not receive adequate counsel. The defense attorney, the defendant had raised his concerns with the magistrate. Those concerns were denied. The defense lawyer did not timely produce the list of witnesses to the government. The district court prohibited those defense witnesses from testifying. The record is replete with examples of the trial counsel from failing to just do the basic, most fundamental things in providing a representation to the defendant. And even the most intelligent and educated layperson has small and sometimes no skill in the practice of law. And that's what I think happened here, where the court was very critical of the preparation and the lack of preparation of the defendant's trial counsel. I'm going to reserve my last three minutes. Let me ask you a question first. Are you raising an ineffective assistance of counsel claim, or is your claim solely related to the denial of the motion for new counsel? The denial of the motion for new counsel, the Sixth Amendment right. Well, wait a minute. Hold on. Mr. Sheets. But then you trailed off and said it's Sixth Amendment rights. You're not raising an ineffective assistance of counsel claim, right? Well, ultimately. At this point? No. I think the record is so clear where a defense attorney does not timely produce a witness list or the list of exhibits, and those things are subsequently not allowed at trial. The record is clear that that is not adequate representation. All right. So back to my question. Are you challenging the denial of the motion for new counsel? Yes. Are you also trying to raise an ineffective assistance of counsel under the Sixth Amendment argument? A half dozen of one or six of the other. Well, they're two different things. I'm sorry? They're two different things. They may have some overlapping facts, but they're two different things. Well, we think the record is so clear at this stage of the proceedings that, yes, we are contesting. I don't think the magistrate engaged in the proper balancing that the Eighth Circuit requires, such as the timeliness, such as the adequacy of the representation. I don't think the magistrate ever made those kinds of decisions. And so, yes, we are objecting to that ruling. Thank you. Ms. Williams? Good morning. May it please the Court. Mr. Sheets, my name is Lisa Williams. I am a Special Assistant United States Attorney from the Northern District of Iowa, and I'm representing the United States of America. I would like to start with the sentencing arguments that the defense has raised, and I think it's important first to correct a factual issue, and that is the amount of heroin attributed to Mr. Thomas at the sentencing. Initially, he was attributed with 638 grams of heroin, which created a base offense level with drugs of the 28. Chief Judge Reed actually took this under advisement and issued a written sentencing order, and she decreased the amount of heroin attributable to Mr. Thomas down to 457 grams, which he was originally attributed 800 and some grams. She decreased it down to the 457 grams, which moved him down to base offense levels. And I saw that the Court had a lot of questions, well, this only affected the guideline range by five months. It actually didn't. Had the crack cocaine not been assessed in his base offense level, he would have only been a level 31, not a level 33. And so his guideline range would have been 151 to 188 months. So it's the difference between 188 months and 240 months. So why did the government proceed this way, by charging only the heroin but then introducing so much evidence on crack cocaine and relying on that at the sentencing? Well, there's a few answers to that question, Your Honor. Mr. Thomas was charged with four other individuals in a heroin conspiracy, and the record is somewhat silent on this because those other four individuals didn't proceed to trial, but he's charged in a heroin conspiracy with other people who are dealing heroin, not crack cocaine. During the course of preparations for this trial and interviewing the witnesses, it became clear that Mr. Thomas also dealt crack cocaine. And at that point, the government could have superseded the indictment and added crack cocaine as a drug. Seems like a good idea. It certainly could have been a path that the government chose to proceed, but they didn't. And the reason why we didn't is the crack cocaine evidence that was presented at the trial is really distinct in nature from the heroin evidence. There's no buy of crack cocaine. There's no control buy of crack cocaine. There's no crack cocaine sent to the lab to put in front of a jury and say these are the drugs that Mr. Thomas was selling. The only evidence of crack cocaine presented at the trial was statements of these cooperating witnesses. And given this type of evidence, I think any government attorney would think twice about proceeding before a jury and proving beyond a reasonable doubt that this... It's not very encouraging. What you're really saying is the crack cocaine case was weaker, and that's why we didn't charge it as a crime, but it still drove the sentencing guidelines because we have a lower standard of proof at sentencing. Is that what you're saying? The nature of the crack cocaine evidence was dramatically different than the heroin evidence. Yes, Your Honor. No, you just said you would have concern about proving it beyond a reasonable doubt. I think the government could have that concern, or it could be proved beyond a reasonable doubt, but that is a discretionary decision, prosecutorial discretionary decision, that the United States made in proceeding to trial. Then when at sentencing, of course, there's a lower standard of proof, the preponderance of the evidence proof, which is a much lower hurdle than the beyond a reasonable doubt. Don't you run the risk of having the relevant conduct become a tail wagging dog? Well, I think that that was a risk or an issue that was very important pre-goal, but now that these guidelines are guidelines only, are advisory, there's no analysis about whether or not it has an extremely disproportionate effect  As long as the court treats and understands that the guidelines are just advisory, there is no constitutional concern about including relevant conduct into its guideline calculation. And this court undoubtedly understood that the guidelines were advisory because Chief Judge Reed varied down. She varied down out of the guideline range and sentenced Mr. Thomas to 240 months. And she did what she's supposed to do, Your Honors. This is a judge who looked at the guideline calculation, looked at the relevant conduct, said at the sentencing, this is an unusual case. This guideline range seems out of proportion to me based on the other 3553A factors. And she said, because of that, I'm not going to sentence within the range. I am going to vary downward and pick the sentence that I believe accurately and correctly fits all of the factors that I'm supposed to consider. And I think it's also important that during that sentencing hearing, and I believe it starts on page 51 of the second sentencing hearing, she says, even if I would have used the lower guideline range, if all the crack cocaine were taken out, even if I would have used that range, I would have varied upwards because of other factors such as his criminal history, what he was doing in the offense. I would have varied upwards to 240. So the drug quantity was just one but many factors going on here that Chief Judge Reed ultimately looked at and picked the right sentence. And there's no constitutional violation because that's exactly what we hope our district court judges do. With respect to Alene, Alene has no application here. Now, if the district court would have taken those quantities of crack cocaine and then treated it as a B1A offense, set the mandatory minimum at 20 years and the maximum at life, and then said, I have no discretion. I have to sentence you to 20 years because that's what the statutory minimum is, then Alene would apply and that would be an unconstitutional sentence. That is not the case. And the Alene court, in fact, was very explicit that this analysis does not apply to guideline calculations, that it only applies to elements in the setting of the mandatory minimum and the mandatory maximum of the offense. I also want to say that there is no, at least it was my understanding, that the defendant wasn't treating this crack cocaine, wasn't objecting to it as relevant conduct. There's no argument before the court that the district court improperly treated the crack cocaine as relevant conduct, that it wasn't part of a jointly undertaken scheme or plan, it wasn't a common scheme or a common plan, that B1.3 somehow was erroneously applied. Both parties agree that Mr. Thomas' dealing of crack cocaine is relevant conduct to the offense of conviction, which is his heroin dealing. So how much additional time did he receive because of the relevant conduct? None, Your Honor. Well, how do you know that? I thought the judge said that she took that into account in reaching the final sentence of 240. She also said that had she not taken in any crack cocaine quantities into account, she would have varied upwards. Where did she? Do you have a citation for that? I believe it begins on page 51 of the second sentencing transcript. That's when she starts to talk about the reasons for the sentence in post. She specifically mentions the concerns she has with Mr. Thomas' criminal history, that it's violent and serious, and that would have been a ground for her to vary upwards. If there are no other questions at that— Did his prior cocaine conviction play any part in the sentence? It was a state conviction or crack conviction under state law. How did that, like I said, play into the criminal history, or how did it factor in? That's correct, Your Honor. That prior conviction for crack increased his criminal history from a level three to a level four, and that had the effect of moving his guideline range over horizontally. Was that also considered relevant conduct? No, it was not, Your Honor. It's not considered relevant conduct because the court performed the analysis of timeliness and found that this happened in 2009 before the defendant began coming to Iowa. The 2009 conviction was in Chicago. He was traffic stopped. He only had crack cocaine, and he had about $12,000 on him. The court said that is remote in time. It's before he joined the conspiracy. It seemed to be part of a different jointly undertaken plan, which was to distribute crack in Chicago. This was distributing drugs in Iowa. Then the court also concluded and found compelling that the government didn't seek to introduce any evidence of that 2009 conviction at Mr. Thomas' trial. The government certainly didn't argue that it was relevant conduct or 404B evidence at the trial, again, for the reasons that I just mentioned. I'd like to briefly talk about the ineffective assistance of counsel claim. If there are no other questions about the crack cocaine sentencing, this is an ineffective assistance of counsel claim. Your Honor asked Mr. Sheets that when he was up here, and it is. That's what they're arguing. Was it fully developed below? Absolutely not, Your Honor. That's why this court should decline to review it. You know that it's not fully developed because if you read the hearing transcript of the motion for a new attorney, Mr. Thomas says, I'm upset with my attorney for these three reasons. One of them is he won't even show me the discovery materials. I don't see any witness statements. Then Mr. Meyer, his attorney at the time, stands up and says, I've reviewed the evidence with Mr. Thomas. I even reserved a special room at the jail. We listened to the audio files. And so there's clearly some factual disputes here between what Mr. Meyer is saying happened and what Mr. Thomas is saying happened. And we have had no opportunity to develop that. Mr. Meyer hasn't submitted an affidavit saying what he's done, what he did to prepare for trial. Many of the things that the defendant points to as ineffective assistance at the trial stage could also be good trial strategy. He faults Mr. Meyer for not talking to a witness ahead of time. And many times that is an effective strategy when you're calling a witness. You can say, hey, have I ever talked to you before? No. And it kind of impugns some credibility that this witness hasn't been prepared, hasn't gone through the rigors of, you know, this is exactly what I'm going to say. Oh, really? Does the government often use that tactic of not preparing the witnesses? I have seen it employed before, Your Honor. I don't think it's a commonly used government trial strategy. I wouldn't think so. But I think that if you're going to – I think that as a defense witness it makes a lot more sense than necessarily a government witness who would be a police officer or a cooperating witness. But the point is we don't know why Mr. – We'll see if Mr. Meyer says that, right? That's your point. I was going to say that's the point. We don't know. Mr. Meyer can speak to whether that's his professional judgment. Yeah. And maybe he'll say that he didn't prepare him because he was too busy on a vacation. We just don't know why Mr. Meyer did the things that he chose to do. And because of that, this claim is not at all ripe for review at this stage. It should go through the 2255 process, and we should be able to have an evidentiary hearing if one is necessary before the district court, before that claim comes up here. If there are no further questions from the bench, then I will rest on the briefs. Thank you, Ms. Williams. Thank you. Does Mr. Sheets have any rebuttal? He has a minute and 20 seconds. All right. Mr. Sheets? Thank you, Your Honor. I think that this case presents the type of case where the very concern, in this case, the government had concerns about whether it could prove the crack cocaine case. It's admitted it today. Yet, it asks the district court to consider all that crack cocaine, which is the driving factor in the defendant's sentence. And I was incorrect when I said it was five months. We know now it was 52 months difference from the resulting 240 from the heroin offense. So I think that's a very important concession that was made by the government this morning. In regards to – I can't emphasize that enough. We have the government acknowledging that it had concerns. It didn't have a controlled buy. It didn't have any crack cocaine in which it could place in front of a jury. But then, it asked the court to sentence the defendant based on a lower standard of evidence, the preponderance of evidence. So I think that turns – that is the very concern that was raised in Alene. Regarding the ineffective assistance of counsel, if I could just have 30 seconds, Your Honor. All right. There – Ms. Williams states that we don't know what the trial strategy was of this trial counsel. What trial strategy could there have been by not timely disclosing exhibits and timely disclosing witnesses where the witnesses were not allowed to testify? What trial strategy could that be? I think it's playing on this record where the district court repeatedly states that this defense attorney did not file briefs in support of his motions. He did not timely disclose exhibits to the government. He did not timely disclose witnesses where those witnesses were later excluded. How does that play into any trial strategy? It doesn't. It's – the record is playing at the district court level. Thank you, Your Honor. Thank you, Mr. Sheets. Counsel, thank you both for your testimony.